**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHAMEEKA JOY BURNETTE,      )
                                                )
        Plaintiff,               )
                                                )      Civil Action No. 1:26-cv-01713 (UNA)
v.                          )
                                                )
DISTRICT OF COLUMBIA, et al.,    )
                                                )
        Defendants.          )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and Application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the IFP Application and, for the reasons expressed below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues the District, and the D.C. Department of Motor Vehicles and its Director. *See* Compl. at 1–2. She contends that Defendants unfairly suspended her commercial driver's license ("CDL") by placing it in "ineligible" status, with no notice, opportunity to be heard, or response to her inquiries, causing her financial harm and emotional distress. *See id.* at 1–5. She demands a temporary restraining order and the immediate reinstatement of her CDL. *See id.* at 5–7.

Plaintiff has failed to establish subject matter jurisdiction. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff challenges the suspension of her driver's license, which is "a quintessential state law question." *Beasley v. Dep't of Child Support Enforcement*, No. 24-03049, 2024 WL 4836409, at *1 (D.D.C. Nov. 19, 2024); *see also Weeks v. Corzine*, No. 08 1705, 2008 WL

4482236, at *1 (D.D.C. Oct. 7, 2008) ("Here, however, the complaint centers on the plaintiff's lack of a driver's license due to decisions made by state officials in New Jersey and Florida. This matter is not one that arises under the Constitution, laws or treaties of the United States."), *appeal dismissed*, No. 09-7014, 2009 WL 3713616 (D.C. Cir. Aug. 18, 2009) (per curiam).  Accordingly, Plaintiff's avenue for relief largely falls within the D.C. Code, where she may attempt to wage an appeal with the appropriate local court.

Indeed, Plaintiff understands her proper avenue is the D.C. courts, because she has already filed a substantially similar lawsuit that is currently pending in the Superior Court for the District of Columbia.  *See Shameeka Joy Burnette v. District of Columbia* ("*Burnette I*"), No. 2026-CAB-000653 (D.C. Sup. Ct. filed Feb. 2, 2026).  And this court lacks jurisdiction to interfere with the proceedings or review decisions made by the D.C. Superior Court, *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), and it cannot review issues and claims that are already implicated in ongoing local proceedings, *see District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings.").

Plaintiff ostensibly attempts to overcome this prohibition by alleging violations of her federal rights, *see* Compl. at 4, but notably, she may "may raise . . . any other constitutional claim [s]he believes [s]he has—in the Superior Court; if [s]he is dissatisfied, [s]he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States." *Lewis v. Senior Judges*, 75 F. Supp. 3d 201, 203–04 (D.D.C. 2014) (collecting cases); *JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) (same); *see Moorman v. U.S. Bank, NA*, No. 10-1219, 2010 WL 2884661, at *1 (D.D.C. Jul. 10, 2010) (holding

that, "in the interests of comity," the court would "not intervene in a case pending before the Superior Court. Plaintiff's immediate recourse [was] with the Superior Court and its reviewing court, the Court of Appeals for the District of Columbia.").

For these reasons, this case is dismissed without prejudice. Plaintiff's pending Motion for Temporary Restraining Order, ECF No. 4, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   July 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge